Moving on to our third case of the morning, Appeal Number 25-1737 and 25-2180 Agee v. Hickenbottom. Page Hickenbottom Good morning, Your Honors. May it please the Court, Jeffrey Colan on behalf of the Appellants Jacqueline and John Agee. The District Court committed two reversible errors. First, contrary to Rule 15, it took the unusual step of dismissing the complaint with prejudice despite identifying defects that were easily cured, and it denied leave to amend the complaint and two specific amendments that cured the defects the District Court had identified. Second, on the equal protection claim, contrary to Rule 12, the District Court hypothesized a rational basis for the defendant's conduct that was contradicted by the facts. The Appellants asked for this Court to vacate the judgment and remand for leave to file the amended complaint. With respect to the procedure, under Rule 15 and Runyon and Riley, leave should be granted to amend unless futility is certain. The District Court's own opinion showed that it did not believe that amendment was futile, but it dismissed with prejudice and denied leave to amend anyway. The plaintiff filed two proposed amended complaints specifically curing the defects that the District Court had identified. The District Court disregarded the plain text rule of Rule 15 to dismiss the case efficiently rather than correctly. Because plaintiffs proposed amended complaints that cured the defects identified by the District Court, the judgment should be vacated. Second, regarding the equal protection claim, contrary to Rule 12, the District Court refused to accept the alleged facts as true or draw any of the inferences in the plaintiff's favor. On the equal protection claim, the District Court dismissed the claim by hypothesizing a rational basis for the defendant's conduct that directly contradicts the well-pled facts in the complaint. The District Court's reason, the conceivable rational basis that the District Court identified, was that the defendants had reason to believe that Plaintiff Jacqueline permitted Plaintiff John to discharge a gun like an air rifle in his garage. That specific rationale is directly contradicted by the facts. Plaintiff alleged that the defendants had no basis to believe that a gun was discharged on the date of the citation, at 9.30 p.m., or at any other time. The facts in the complaint alleged that the object that was seen was an airsoft gun, which is a toy, not a deadly weapon, and therefore no basis to support a probable cause affidavit against John. And lastly, plaintiffs alleged that John did not match the description given by a witness, and that the individual who did match the description given by the witness was conclusively proven to be not at home, and could not have committed the alleged offenses. In addition to these facts, which undermine a conceivable rational basis, the plaintiffs alleged that the defendants acted based on personal animus, class envy, and personal hostility. These allegations were supported by specific quotes in the complaint. Counsel, can I ask you, are you defending the abusive process claim here today as well? I think the abusive process claim is premature to be decided by this court, and it appears to be duplicative of the equal protection claim. So, sorry, is that a yes or a no? Well, I think that as the record sits, and procedurally, the abusive process claim shouldn't be decided by this court, because the district court did not decide that claim. The district court decided that there were allegations missing that could have been cured. What constitutional right is implicated by the abusive process claim in this case? Sure. That's why I think it's duplicative of the equal protection claim. I think the 14th Amendment constitutional right is what's implicated. Which one? The 14th Amendment. Which? Which 14th Amendment right? The right to not be. In the abusive process. Sure. The right to not be treated to arbitrary treatment? So, the equal protection clause of the 14th Amendment.  That does sound, okay. Excuse me. Go ahead. I was going to say personal animus. The elements for abusive process are an ulterior motive and an affirmative act. In the equal protection claim, the ulterior motive is personal animosity and arbitrariness. One of the allegations here is that one of the officers swore out a false affidavit against the son. Yes. What injury was suffered there? Legal fees. Embarrassment. There was no charges were even filed against him? No charges were filed, but legal fees were still incurred. As a result of what? As a result of the defendant officers pursuing these charges and the plaintiffs being, I guess, proactive in preparing for their defense. Okay. So, they hired counsel to lobby the prosecutor to convince the prosecutor that there was nothing to pursue here? That's my understanding. That's not alleged in the complaint, nor was it identified as a deficiency, but that is my understanding. Okay. Can you point us to cases that have recognized that, I mean, just a false statement to a prosecutor as actionable when there were no charges filed? As I'm sitting here, I cannot think of a case off the top of my head, but the constitutional injury is still the same. You have a state actor taking an aggressive step against a citizen without a factual basis. What is the deprivation? You need life, liberty, or property, right? Yes. What's the deprivation here? Well, short of a false arrest, I think that there is a liberty deprivation in that the plaintiff was required to act and defend himself and was embarrassed by these circumstances. That seems like a stretch, frankly, given our case law, but okay. So, are you saying that, let's say this goes back to the district court, you plan to just pursue an equal protection claim? That would be my plan.  On that equal protection claim, I guess I have some concerns on the way this shook out that if that goes forward, we wind up opening a door to a lot of claims by people who are insulted by things that officers say on their body cam, that are recorded by body cams. Any comfort you can give me on this?   I think in cases where there's probable cause, I think that would defeat a number of those claims. If there's probable cause, then I don't think the claim would stand. I also think that under Iqbal and Twombly and Rule 11, that plaintiffs who are going to allege these claims have to come forward with concrete facts and not just conclusory allegations. In this case, we have concrete facts that the officers were acting in a way that suggested that they were acting not based on legitimate law enforcement reasons, but based on personal animus and class hostility. Thank you. Thank you. Would you like to reserve the rest of your time? Yes, I would. Thank you. Mr. Smith. Good morning, your honors. May it please the court. Plaintiffs did not argue below, and they have not argued here, that the district court erred in dismissing the false arrest and malicious prosecution claims. Plaintiffs did not argue below and did not argue here until the reply brief that the district court was wrong to conclude that the officers had probable cause based on the allegations of the complaint. Plaintiffs only argue that they should have been given a chance to assert new claims that they did not assert in their original complaint. This court should affirm the judgment because the district court did not err or any error was harmless. First, the district court did not err in entering judgment without first giving plaintiffs an opportunity to file an amended complaint. The district court was entitled to assume that... Go ahead. Entitled to assume what? Entitled to assume that if the allegations of the complaint affirmatively established probable cause, then in the amended complaint would also affirmatively establish probable cause. Under Rule 11, you have to, by presenting a set of facts to the court, you're certifying that those facts are true or will have evidentiary support. So, if you certify as true a set of facts that establish probable cause, you can't certify as true an alternative set of facts. What probable cause was there that the gun was discharged? First, you have John's statement that he was working on his airsoft gun and looking at targets in his backyard. A reasonable officer could have concluded that if he was doing that, then he was shooting at them with Jacqueline's knowledge and permission. So, no actual indication of discharge? A reasonable officer could have concluded that he did, despite his innocent explanation. Couple those facts with the witness statements by the one juvenile and the parents that he was pointing the gun at them. Do we have those witness statements in our record? No. The witness statements were recorded on video. Those videos are not part of the record. They were not incorporated in the complaint. Right. So, it's kind of hard to affirm on the basis of evidence that's not in the record, right? Well, we're not affirming based on evidence that's not in the record. We're looking specifically at the allegations of the complaint. And plaintiffs say no probable cause, so it's hard for me to see how they've admitted probable cause. They have not challenged the district court's conclusion that probable cause existed based on the allegations of the complaint. Probable cause for what? For discharge and that the mom allowed the discharge? It seems utterly speculative to me. Probable cause to believe that Jacqueline allowed John to shoot an air rifle in the town limits. We have no direct indication that the gun was ever actually shot. Put aside that it's just an air rifle. But no direct indication, right? We do have the targets. And we do have the fact that he was pointing the gun. There you're relying on witness statements that are not in our record, right? No. That's alleged in the complaint that the juveniles said that the person was pointing the gun at them. Or that it was reported by dispatch that that's what the allegation was. Why was the discharging ticket dismissed with prejudice? I can't answer that, Your Honor. I was not involved in that proceeding. And it's not alleged in the complaint. So on the equal protection claim, what do you think is missing? Well, the equal protection claim would require an absence of probable cause. Because if there's probable cause, there's a rational basis. Plaintiff's argument is that they can move forward on the equal protection claim based on their allegation of personal animus. But that allegation of personal animus, first, it's a class-based allegation. Class-based animus. The plaintiffs allege in the complaint, specifically allege in the complaint, contrary to what they said in their reply, at the corrected appendix, page A103, paragraph 56, they allege, quote, based on their statements at the scene, the defendant officers harbored an illegitimate personal animosity against Jacqueline because she worked as a law enforcement officer in Illinois. End quote. That's a class-based animus. You cannot have a class of one claim based on a class-based animus. That's a traditional equal protection claim, not a class of one claim. And Illinois police officers are not a protected class under the equal protection clause. So they can't get, they can't state a class of one claim based on their allegations that their animosity was class-based. And I heard plaintiffs say class animosity up here this morning. So in addition to that, they would have to show no probable cause. So if the police decide we're going to enforce speeding laws strictly against redheads, does that pass an equal protection challenge? Because it's not a protected class? It's not a protected class. And it's utterly irrational? There may be other arguments to be made, but it's not an equal protection claim under the traditional equal protection analysis. Equal protection can reach utterly irrational government classifications, right? It can. Like redheads. How about Illinois police officers who live in Indiana? Not if you're going to say that I was prosecuted based on a class-based animus. Well, it would have to be rational, right? The charge was rational. The police officer's action was rational. That's not what the plaintiffs are saying, though. Well, that's a conclusory allegation that they didn't have probable cause. We have to look at the facts that are alleged in the plaintiff, not the conclusions. And under the facts, as the district court concluded, and they've not challenged this conclusion, at least not until the reply brief, probable cause existed. Clearly for John, probable cause existed for Jacqueline as well. Even though no one saw him fire the rifle, they had reason to believe that he was doing so with Jacqueline's permission. And what's that reason to believe that? Again, the fact that he admitted to having the targets in the backyard. A reasoned police officer can conclude, based on targets in the backyard, that he's shooting at the targets and he's doing so with Jacqueline's permission. Those are... I'm not sure those leaps follow, but okay. I've got to tell you, counsel, I'm troubled here by the district judge's rush to enter judgment here. May or may not have been harmless, we'll see. But I thought we'd made it as clear as possible in cases like Runyon and Luvano. That, in essence, the first dismissal should almost never be with prejudice. And I agree with that rule, but it's not an absolute rule. And that rule was satisfied here because plaintiffs had an opportunity to cure the defects that the court found in the original complaint. Well, after it entered judgment. Yes, but they had an opportunity. Mr. Smith, can I ask you a question about the district court's final action here? Yes. So, the district court, after the last motion to reconsider was after the notice of appeal. And the district court just denied that out of hand for lack of jurisdiction. It didn't consider whether it should issue an indicative ruling under Rule 62.1. Haven't we held in Motorola just a few years ago that the district court needs to at least exercise its discretion to consider whether to issue an indicative ruling or to deny the motion when Rule 62.1 permits it to do so after a notice of appeal has been filed? I'm not familiar with that opinion, and I don't believe it was decided by the plaintiffs. But I think it would be strange, indeed, to say that a district court abused its discretion in doing exactly what the rule said the court could do. I am almost out of time. If there are no further questions, we ask that the court affirm. Thank you. Thank you, Mr. Smith. Mr. Colwin. Thank you, Your Honors. I just wanted to make two points in rebuttal. The first point is that the district court did not decide that there was probable cause for all time to invalidate the case. The district court found that there was reason for a temporary stop and said in dicta that if the temporary stop was an arrest at the beginning of the night, there was probable cause for that arrest. The district court never ruled that the officers kept and maintained probable cause through the point at which the ordinance violation was issued against Jacqueline and the probable cause affidavit was signed against John. The second point that I wanted to raise is that the plaintiffs are not and have never argued that being an Illinois police officer is a protected class under the 14th Amendment. The claim that is alleged is a class of one claim, not a traditional equal protection claim based on class. My use of the word class in my opening argument had to do with the fact that the officers' derogatory comments were based on the plaintiffs' class, meaning their status, their position in society, their financial means, not that being a police officer in Illinois is protected by the 14th Amendment as a class. Viewed in the plaintiffs' favor, the allegations show that the defendants used the machinery of the state to harass citizens and to cover up conduct. Because the plaintiffs' amended complaints cured the defects identified by the District Court and because, at the very least, the equal protection claim is viable and not futile, the District Court committed reversible error by dismissing the case. The rules ensure that cases should be decided on their merits and not on pleading deficiencies. The plaintiffs are simply asking for an opportunity to plead their claims in accordance with the rules. And therefore, if there are no more questions, we respectfully ask that this Court vacate the judgment and remand with instructions to the District Court to allow the amended complaint to be filed. Thank you. Thank you, Mr. Colwin.